FILED LOGGED ENTERED RECEIVED
JUL 3 2014
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY AO DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Crim. No.: PJM 09-468** |
| **JAMES BALL, JR.** | * | |
| | * | |
| **Defendant** | * | |

## MEMORANDUM OPINION

Defendant James Ball, Jr. asks the Court to reduce his sentence, which the Court will construe as a Motion under 18 U.S.C. § 3582(c) (Dkt. 488). After reviewing the Motion and the Government's Opposition, the Court will **DENY** the Motion.

### I.

Ball pled guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (Count 1) and felon in possession of ammunition (Count 2). He stipulated in his Plea Agreement that the conspiracy began as early as September 2006. He was found to be a Career Offender by reason of two prior felony convictions for controlled substance offenses. PSR ¶ 41. As described in the Pre-Sentence Report, Ball was previously sentenced on April 27, 1997 for Distribution of Cocaine by the Circuit Court for St. Mary's County, Case No. CR96-0396, to ten years imprisonment, all but 3 years suspended. *Id.* at ¶ 31. He was released on parole for that offense on April 10, 1998. *Id.* He was later sentenced on March 22, 2004 in the same court for a different Distribution of a Controlled Dangerous Substance charge, Case No. CR03-0491. *Id.* at ¶ 33.

Based on these two convictions, Ball was determined to be a Career Offender per U.S.S.G. §4B1.1, and his Criminal History category was increased to VI. With a Total

Combined Offense Level 34, the guideline range of imprisonment for Count 1 was 262 – 327 months, and for Count 2, 120 months. On October 27, 2011 he was sentenced to 120 months, later reduced to 84 months pursuant to 18 U.S.C. §3582(c) and the Fair Sentencing Act of 2010.

Ball now contends that he was incorrectly designated a Career Offender because his 1997 sentence (1) did not exceed "one year and one month", and (2) because it falls outside the applicable time period countable towards his Criminal History. The Government argues that Ball's claims lack merit.

**II.**

A defendant is a "Career Offender" if, at the time he is sentenced for a controlled substance offense, he is an adult who has at least two prior felony convictions of a controlled substance offense. U.S.S.G. §4B1.1(a). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing" or possession of a controlled substance. §4B1.2.

"The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." §4A1.2(b)(1). "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." §4A1.2(b)(2). Application Note 2 further explains that "criminal history points are based on the sentence pronounced, not the length of time actually served."

"Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." §4A1.2(e)(1). "[T]he term 'commencement of the instant offense' includes any relevant conduct." §4A1.2 n.8.

## III.

Ball argues that the "sentence of imprisonment" for his 1997 conviction was less than one year and one month because he was released on parole in under a year. This is incorrect. Ball was sentenced to 10 years, all but three years suspended. *See* ¶31 of the PSR. Therefore under §4A1.2(b), his 1997 Maryland conviction counts as a "sentence of imprisonment" of three years, even if he was actually imprisoned for less than one year and one month.

His argument that the April 1997 offense was outside of the applicable time period to be counted likewise fails. Ball stipulated in his Plea Agreement that the instant offense commenced "at least in or about September 2006." Since his "sentence of imprisonment" for the April 1997 offense was three years, it need only have occurred within 15 years of September 2006 to be counted. The April 1997 "sentence of imprisonment" was imposed not only within 15 years of the sentence for the instant offense (October, 2011), but within 15 years of the "commencement of the instant offense" (September, 2006).

The Court finds that Ball was properly designated as a Career Offender.

## IV.

For the foregoing reasons, Ball's Motion for a Reduced Sentence under 18 U.S.C. § 3582(c) is **DENIED**.

A separate Order will **ISSUE**.

/s/

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**July __, 2014**